# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### MARTINSBURG

GEORGE VAN WAGNER,

    Plaintiff,

v.                                            Civil Action No. 3:11-CV-66
                                                   (BAILEY)

RESIDENTIAL FUNDING COMPANY, LLC, et al.,

    Defendants.

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

On this day, the above-styled civil action came before this Court for consideration of the *pro se* plaintiff's Amended Complaint and Motion to Enjoin Wrongful Foreclosure Action [Docs. 7 and 8], filed September 2, 2011. The plaintiff seeks to amend his Complaint to assert "minimal diversity" pursuant to the United States Constitution, Article III, Section 2, and argues that the Court has subject matter jurisdiction pursuant to this doctrine [*See* Doc. 50 at 4]. For the reasons that follow, this Court finds that it lacks subject matter jurisdiction and, thus, that this civil action should be dismissed.

## PROCEDURAL BACKGROUND

On September 12, 2011, Residential Funding Company, LLC; GMAC Mortgage, LLC; Troutman Sanders, LLP; and Jason E. Manning filed a Motion to Dismiss Plaintiff's Amended Complaint and Motion to Enjoin Wrongful Foreclosure Action [Doc. 13] and a Memorandum in Support [Doc. 14]. Plaintiff filed his response in opposition thereto [Doc. 17] on September 14, 2011. Defendant Seneca Trustees, Inc., filed a Motion to Dismiss

1

and Joinder in Defendants' Residential Funding Company, LLC; GMAC Mortgage, LLC; Troutman Sanders, LLP; and Jason Manning's Motion to Dismiss [Doc. 32] and a Memorandum of Law in Support [Doc. 33] on September 21, 2011. Plaintiff filed his response in opposition thereto on September 27, 2011 [Doc. 37]. On October 13, 2011, Defendant PNC Bank, National Association filed a Motion to Dismiss [Doc. 42] and a Memorandum in Support [Doc.43]. Plaintiff filed his response thereto on November 14, 2011 [Doc. 49]. On October 14, 2011, Defendants Peter Demasters, Susan Romaine, and Flaherty Sensabaugh Bonasso PLLC filed a Motion to Dismiss [Doc. 45]. Plaintiff filed his response in opposition thereto on November 14, 2011 [Doc. 50].

In the Amended Complaint [Doc. 7], the plaintiff states that this Court "has jurisdiction to entertain [the] complaint [under 28 U.S.C. § 1332] whereas there is **a** diversity in citizenship of parties and the amount in controversy exceeds $75,000 [*Id.* at 7 (emphasis added)]. Among other reasons, various defendants claim that the case should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure because "there is no complete diversity among the parties" [*See* Doc. 45 at 3, 6-9 and FED. CIV. R. P. 12(b)(1)]. In one of his filings, the plaintiff states that "'minimal diversity' . . . requires the existence of at least [one] party who is diverse in citizenship from a party on the other side of the case" and that such diversity is present in this case [Doc. 50 at 4].

## APPLICABLE LAW

The requirement of complete diversity of citizenship was imposed by the Supreme Court of the United States more than 200 years ago in **Strawbridge v. Curtiss**, 7 U.S. (3

Cranch) 267 (1806); see also **Slavchev v. Royal Caribbean Cruises, Ltd.**, 559 F.3d 251, 255 (4th Cir. 2009) (citing **Strawbridge** for requirement of complete diversity). Since then, only three statutory exceptions have been recognized by Congress. Specifically, minimal diversity suffices to create federal subject matter jurisdiction in cases arising under either the Interpleader Act, 28 U.S.C. § 1335; the Multiparty, Multiforum Jurisdiction Act, 28 U.S.C. § 1369; or the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(2) and 1453.

## CONCLUSION

The plaintiff's action does not arise under either of the Acts listed above and, therefore, fails to fall within an exception to the requirement of complete diversity. Complete diversity is not met because plaintiff is a resident of West Virginia and defendant Seneca Trustees, Inc., is incorporated in the state of West Virginia, which is where its principal place of business is also located. Thus, because complete diversity is required but not present here, this Court lacks subject matter jurisdiction. Accordingly, the plaintiff's Complaint [Doc. 1] is hereby **DISMISSED** and the plaintiff's Motion for Leave to File an Amended Complaint [Doc. 8] is **DENIED AS MOOT**. Finally, this matter is **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** November 17, 2011.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE